# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LEROY WILSON, Jr., CDCR #BC-5903,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID CHANDROO, Ramona Deputy Sheriff; CASEY THAYER, Ramona Deputy Sheriff; DAVID WILLIAMS, Ramona Deputy Sheriff,<br><br>Defendants. | Case No.: 3:16-cv-02815-MMA-WVG<br><br>**ORDER:**<br><br>**1) GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 4]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

TEDDY LEROY WILSON, Jr., ("Plaintiff"), currently incarcerated at the California Institution for Men ("CIM") in Chino, California,[1] and proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

---

[1] Plaintiff was still a pretrial detainee at the San Diego Sheriff's Department's Vista Detention Facility when he initiated this action; but he has since filed a Notice of Change of Address to CIM (Doc. No. 5).

1

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

On December 19, 2016, the Court denied Plaintiff's IFP because he failed to attach a certified copy of his trust account statements as required by 28 U.S.C. § 1915(a)(2), but granted him an opportunity to correct that deficiency (Doc. No. 3). Plaintiff has since filed a renewed Motion to Proceed IFP (Doc. No. 4).

## I. Renewed IFP Motion

As Plaintiff now knows, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his renewed IFP Motion, Plaintiff submitted a copy of his San Diego Sheriff's Department Trust Account Activity (ECF No. 4 at 6), together with a prison certificate completed by an accounting official at the Vista Detention Facility attesting to his trust account activity and balances for the six-months preceding the filing of his Complaint. *See* Doc. No. 4 at 4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had an average monthly balance of $19.34, and average monthly deposits of $59.17 to his account over the 6-month period immediately preceding the filing of his Complaint, as well as an available balance of $116.01 at the time of filing. *See* Doc. No. 4 at 4. Based on this financial information, the Court GRANTS Plaintiff's Renewed Motion to Proceed IFP (Doc. No. 4), and assesses his initial partial filing fee to be $11.83 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment

ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

Plaintiff's claims three Ramona Deputy Sheriffs used excessive force while effecting his arrest in the early morning of September 3, 2016, at a baseball park near his home, and while he was suffering from an episode of paranoid schizophrenia, an illness he has suffered since childhood. (Doc. No. 1 at 4.) Plaintiff claims Defendants "approached" him "out of nowhere," while investigating reports of a "suspicious person casing cars in the parking lot." (*Id.* at 5.) Plaintiff was "self-medicating" at the time, "panicked, turned around and fled." (*Id.*)

Specifically, Plaintiff claims Deputy Chandroo "ran up behind him, and shoved him forward causing pain to his back[,] shoulders, and neck," "shoved [his] face in the dirt," and struck him in the face and head. (*Id.* at 5-6). Plaintiff further claims Deputy Thayer "arrived" and "started delivering knee strikes to [his] stomach," struck him in the head and face, pinned his legs behind his back and "bounced" on them, (*id.* at 6), and that Deputy Williams did the same. (*Id.* at 7.) Plaintiff claims he thought he would be "beaten to death," lost "momentary consciousness," and was ultimately transported to the hospital in a neck brace. (*Id.* at 7.) He seeks injunctive relief preventing "harassment" by the Defendants, and $2,250,000 in general and punitive damages. (*Id.* at 11.)

Based on these allegations, the Court finds Plaintiff's Complaint sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012; *Iqbal*, 556 U.S. at 678; *Scott v. Harris*, 550 U.S. 372, 381 (2007) (noting that a claim of "excessive force in the course of making [a] … 'seizure' of [the] person ... [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard.") (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)). The Fourth Amendment reasonableness analysis "requires balancing the 'nature and quality of the intrusion' on a

5

person's liberty with the 'countervailing governmental interest at stake' to determine whether the use of force was objectively reasonable under the circumstances." *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (quoting *Graham*, 490 U.S. at 396)).

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Renewed Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 4).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $11.83 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

///
///
///
///
///

4.	**DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

	5.	**ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

	6.	**ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

	7.	**ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on

Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

DATE: April 25, 2017

*[signature]*
HON. MICHAEL M. ANELLO
United States District Judge