# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

TEDDY LEROY WILSON, Jr.,

Plaintiff,

vs.

CHANDROO, et al.,

Defendants.

Case No.: 3:16cv2815-MMA (WVG)

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

[Doc. No. 13]

Plaintiff Teddy Leroy Wilson, Jr., a California state prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1. Plaintiff alleges that Defendants San Diego Sheriff's Deputies Chandroo, Thayer, and Williams used excessive force against him, in violation of his constitutional rights. Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that his excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Doc. No. 13. Plaintiff filed a document which the Court liberally construes as a response to Defendants' motion. *See* Doc. No. 15. Defendants filed a reply. *See* Doc. No. 17. The Court took Defendants' motion under submission on

the moving papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. No. 18.  For the reasons set forth below, the Court **DENIES** Defendants' motion.

<u>**BACKGROUND**</u>[1]

This action arises out of events occurring in Ramona, California, which culminated in Plaintiff's conviction for resisting arrest.  Plaintiff suffers from mental illness.  On the morning of September 3, 2016, Plaintiff was having a paranoid-schizophrenic episode.  He went to his doctor's office, but found the office closed.  Looking for a safe place to go, Plaintiff went to the baseball park.  Plaintiff headed towards the men's bathroom, but found it locked.  Defendant Deputy Chandroo approached and advised Plaintiff that he had received a call regarding "a suspicious person casing cars" in the parking lot. *Complaint* at 5.[2]  Plaintiff claims the parking lot was empty.

At that point, Defendant Chandroo asked if Plaintiff had anything illegal on his person, and Plaintiff replied in the affirmative and stated that he had been self-medicating.  At that point, "Plaintiff panicked, turned around, and fled." *Id*.  Plaintiff "tired very quickly and slowed down," then "voiced his surrender." *Id*.  Plaintiff was about to stop, when Defendant Chandroo "ran up behind Plaintiff and shoved him forward causing pain to his back, shoulders, and neck areas." *Id*.  Plaintiff fell forward, Chandroo got on Plaintiff's back and began striking him, stating "Stop resisting!" *Id*. at 6.  Plaintiff lost momentary consciousness.

Defendant Deputy Thayer arrived, and started striking Plaintiff while Defendant Chandroo continued to punch and strike Plaintiff.  Defendant Deputy Williams arrived, and kneed Plaintiff in the back.  Afterwards, medics transported Plaintiff to the hospital

---

[1] This description of events is taken from Plaintiff's complaint and is not to be construed as findings of fact by the Court.  However, because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

[2] Citations refer to the pagination assigned by the CM/ECF system.

in a neck brace.  Plaintiff still suffers from neck pain.  As a result of the incident, Plaintiff pleaded guilty to violating California Penal Code § 69, "resisting executive officers."

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), *citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).  The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

//

**DISCUSSION**

### 1. Request for Judicial Notice

As an initial matter, Defendants request that the Court take judicial notice of Exhibit A filed in support of their motion, to wit, plea documents and minute orders from the Superior Court of California, County of San Diego, Criminal Case No. SCE363848. A court can take judicial notice of facts which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court record, such as minute orders and other filed documents, is judicially noticeable. *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979). Accordingly, the Court grants Defendants' request for judicial notice.

### 2. Analysis

Defendants move to dismiss this action in its entirety, arguing that Plaintiff's excessive force claim is barred because prevailing on his claim would necessarily invalidate his conviction for resisting arrest.

A plaintiff who is convicted of a crime under state law cannot seek damages in a federal civil rights action if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. at 487. An action must be dismissed as barred by *Heck* if the plaintiff "would have to negate an element of the offense of which he has been convicted" in order to prevail in his civil rights action. *Id*. at 487 n.6. However, there is not a categorical bar on excessive force claims arising out of a resisting arrest conviction. "In some cases, a cause of action for excessive force under Section 1983 is not barred under *Heck v. Humphrey*, because the factual basis for the conviction is divisible from the alleged use of excessive force, and, as a result, success on the merits of the claim would not necessarily imply the invalidity of a conviction." *Velarde v. Duarte*, 937 F. Supp. 2d 1204, 1212-13 (S.D. Cal. 2013).

In *Smith v. City of Hemet*, the Ninth Circuit held that if a plaintiff claims an officer used excessive force either before or after the offense conduct, *Heck* does not bar an

excessive force claim because the alleged acts of excessive force would not necessarily invalidate the conviction. 394 F. 3d 689, 698 (9th Cir. 2005) (en banc). Because the record in *Smith* was not clear regarding the factual basis for the plaintiff's guilty plea, the circuit court could not determine whether the acts underlying the resisting arrest conviction occurred during the course of the plaintiff's arrest. *Id*. at 699.

Likewise, in this case, a detailed factual basis for Plaintiff's guilty plea is not in the record.[3] As such, the only basis for a resisting arrest charge is described in Plaintiff's complaint as Plaintiff's act of panicking and fleeing after his initial encounter with Defendant Chandroo. *See Smith*, 394 F.3d at 698. However, Plaintiff alleges that Defendants' use of excessive force occurred after Defendant Chandroo "got on top of Plaintiff's back and shoulder area and shoved Plaintiff's face into the dirt," at which point Plaintiff stated "I'm not resisting," and "voiced his surrender again." *Complaint* at 6.

According to Plaintiff's allegations, which the Court must accept as true for purposes of this motion, Defendants Chandroo, Thayer, and Williams used excessive force against Plaintiff after he was physically restrained and in custody. *See* Cal. Penal Code § 835 ("An arrest is made by an actual restraint of the person, or by submission to the custody of an officer."). *Heck* does not bar an excessive force claim arising from officer conduct "after a defendant has been arrested." *Id*. at 696; *see also Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001) (if defendant punched plaintiff after she was "handcuffed" and "arrested," "success in [plaintiff's] section 1983 claim will not invalidate her conviction" for resisting arrest).

The Court is unable to conclude based on the current record that *Heck* bars Plaintiff's excessive force claim. Accordingly, Defendants' motion to dismiss must be denied.

---

[3] Plaintiff admitted in his guilty plea that he "unlawfully resisted an officer w/ force in performance of their duties." Def. Ex. A at 6. This is simply a recitation of the elements of the charge. *See* Cal. Pen. Code § 69(a).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' motion to dismiss.

**IT IS SO ORDERED**.

DATE: September 27, 2017

_Michael M. Anello_

HON. MICHAEL M. ANELLO
United States District Judge